1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**(SAN FRANCISCO DIVISION)**

13
14
15
16
17

**LINDA BATISTE,**

          **Plaintiff,**

      v.

**VERIZON WIRELESS,**

          **Defendant.**

**Case No.   3:05-cv-04362-PJH**

**STIPULATED PROTECTIVE ORDER**

18
19
20
21
22
23
24
25
26
27
28

1.    <u>PURPOSES AND LIMITATIONS</u>

      Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2.      <u>DEFINITIONS</u>

    2.1     Party:  Any party to this action, including all of the officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff) of any party.

    2.2     Disclosure or Discovery Material: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3     "Confidential" Information or Items:  Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under California state law.

    2.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items:  Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

    2.5     Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

    2.6     Producing Party:  A Party or non-party that produces Disclosure or Discovery Material in this action.

    2.7     Designating Party:  A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

    2.8     Protected Material: Any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

    2.9     Outside Counsel:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

    2.10    House Counsel:  Attorneys who are employees of a Party.

    2.11    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12  Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.   This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13  Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.   <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

1  unnecessarily encumber or retard the case development process, or to impose unnecessary

2  expenses and burdens on other parties), expose the Designating Party to sanctions.

3       If it comes to a Party's or a non-party's attention that information or items that it

4  designated for protection do not qualify for protection at all, or do not qualify for the level of

5  protection initially asserted, that Party or non-party must promptly notify all other parties that it is

6  withdrawing the mistaken designation.

7       5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

8  (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

9  material that qualifies for protection under this Order must be clearly so designated before the

10  material is disclosed or produced.

11       Designation in conformity with this Order requires:

12       (a)   For information in documentary form (apart from transcripts of depositions

13  or other pretrial or trial proceedings), that the Producing Party affix the legend

14  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each

15  page that contains protected material.

16       A Party or non-party that makes original documents or materials available for

17  inspection need not designate them for protection until after the inspecting Party has indicated

18  which material it would like copied and produced.  During the inspection and before the

19  designation, all of the material made available for inspection shall be treated as "HIGHLY

20  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

21  documents it wants copied and produced, the Producing Party must determine which documents,

22  or portions thereof, qualify for protection under this Order, then, before producing the specified

23  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

24  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that

25  contains Protected Material.

26       (b)   For testimony given in deposition or in other pretrial or trial proceedings,

27  that the Party or non-party offering or sponsoring the testimony identify on the record, before the

28  close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

1  any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

2  – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of

3  testimony that is entitled to protection, and when it appears that substantial portions of the

4  testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

5  testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

6  have up to 20 days to identify the specific portions of the testimony as to which protection is

7  sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

8  CONFIDENTIAL – ATTORNEYS' EYES ONLY").

9           Only those portions of the testimony that are appropriately designated for

10  protection within the 20 days shall be covered by the provisions of this Stipulated Protective

11  Order.

12          Transcript pages containing Protected Material shall be stamped at the top of each

13  such page with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

14  ATTORNEYS' EYES ONLY" as instructed by the Party or nonparty offering or sponsoring the

15  witness or presenting the testimony.

16          (c)     For information produced in some form other than documentary, and for

17  any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

18  container or containers in which the information or item is stored the legend "CONFIDENTIAL"

19  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

20          5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

21  designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

22  – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to

23  secure protection under this Order for such material.  If material is appropriately designated as

24  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the

25  material was initially produced, the Receiving Party, on timely notification of the designation,

26  must make reasonable efforts to assure that the material is treated in accordance with the

27  provisions of this Order.

28

1     6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

2          6.1    Timing of Challenges.   Unless a prompt challenge to a Designating Party's

3     confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

4     economic burdens, or a later significant disruption or delay of the litigation, a Party does not

5     waive its right to challenge a confidentiality designation by electing not to mount a challenge

6     promptly after the original designation is disclosed.

7          6.2    Meet and Confer.   A Party that elects to initiate a challenge to a Designating Party's

8     confidentiality designation must do so in good faith and must begin the process by conferring

9     directly with counsel for the Designating Party.   Counsel for the challenging Party will attempt in

10    good faith to confer directly with counsel for the Designating Party via voice to voice

11    communications.    However, to the extent voice to voice communication does not prove

12    practicable, other means may be utilized as a first step in the conferral process provided that voice

13    to voice communication does occur prior to any judicial intervention.    In conferring, the

14    challenging Party must explain the basis for its belief that the confidentiality designation was not

15    proper and must give the Designating Party an opportunity to review the designated material, to

16    reconsider the circumstances, and, if no change in designation is offered, to explain the basis for

17    the chosen designation.   A challenging Party may proceed to the next stage of the challenge

18    process only if it has engaged in this meet and confer process first.

19         6.3    Judicial Intervention.   A Party that elects to press a challenge to a confidentiality

20    designation after considering the justification offered by the Designating Party may file and serve

21    a motion that identifies the challenged material and sets forth in detail the basis for the challenge.

22    Each such motion must be accompanied by a competent declaration that affirms that the movant

23    has complied with the meet and confer requirements imposed in the preceding paragraph and that

24    sets forth with specificity the justification for the confidentiality designation that was given by the

25    Designating Party in the meet and confer dialogue.

26         The burden of persuasion in any such challenge proceeding shall be on the Designating

27    Party.   Until the court rules on the challenge, all parties shall continue to afford the material in

28    question the level of protection to which it is entitled under the Producing Party's designation.

1    7.      ACCESS TO AND USE OF PROTECTED MATERIAL

2          7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or

3    produced by another Party or by a non-party in connection with this case only for prosecuting,

4    defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

5    to the categories of persons and under the conditions described in this Order.  When the litigation

6    has been terminated, a Receiving Party must comply with the provisions of Section 11, below

7    (FINAL DISPOSITION).

8          Protected Material must be stored and maintained by a Receiving Party at a location and

9    in a secure manner that ensures that access is limited to the persons authorized under this Order.

10         7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered

11   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

12   information or item designated CONFIDENTIAL only to:

13              (a)     The Receiving Party's Outside Counsel of record in this action, as well as

14   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

15   litigation;

16              (b)     The Receiving Party, including the officers, directors, and employees

17   (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for

18   this litigation;

19              (c)     Experts (as defined in this Order) of the Receiving Party to whom

20   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

21   Bound by Protective Order" (Exhibit A);

22              (d)     The Court and its personnel;

23              (e)     Court reporters, their staffs, and professional vendors to whom disclosure

24   is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

25   Protective Order" (Exhibit A);

26              (f)     During and/or in preparation for their depositions, witnesses in the action

27   to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by

28   Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to

1  depositions that reveal Protected Material must be separately labeled and may not be disclosed to
2  anyone except as permitted under this Stipulated Protective Order; and

3      (g)    The author of the document or the original source of the information.

4      7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
5  Information or Items.  Unless otherwise ordered by the court or permitted in writing by the
6  Designating Party, any information or item designated "HIGHLY CONFIDENTIAL –
7  ATTORNEYS' EYES ONLY" shall not be received or viewed by the Receiving Party and shall
8  only be disclosed to:

9      (a)    The Receiving Party's Outside Counsel of record in this action, as well as
10  employees of said Outside Counsel to whom it is reasonably necessary to disclose the information
11  for this litigation;

12      (b)    The Receiving Party's House Counsel to whom disclosure is reasonably
13  necessary for this litigation;

14      (c)    The Receiving Party's employees to whom disclosure is reasonably
15  necessary for the purposes of this litigation;

16      (d)    Experts (as defined in this Order) (1) to whom disclosure is reasonably
17  necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective
18  Order" (Exhibit A).

19      (e)    The Court and its personnel;

20      (f)    Court reporters, their staffs, and professional vendors to whom disclosure
21  is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
22  Protective Order" (Exhibit A); and

23      (g)    The author of the document or the original source of the information.

24  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
25      LITIGATION.

26      If a Receiving Party is served with a subpoena or an order issued in other litigation that
27  would compel disclosure of any information or items designated in this action as
28  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the

1   Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

2   and in no event more than three court days after receiving the subpoena or order. Such

3   notification must include a copy of the subpoena or court order.

4       The Receiving Party also must immediately inform in writing the Party who caused the

5   subpoena or order to issue in the other litigation that some or all the material covered by the

6   subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

7   deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

8   caused the subpoena or order to issue.

9       The purpose of imposing these duties is to alert the interested parties to the existence of

10   this Protective Order and to afford the Designating Party in this case an opportunity to try to

11   protect its confidentiality interests in the court from which the subpoena or order issued. The

12   Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

13   confidential material – and nothing in these provisions should be construed as authorizing or

14   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

15   9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

16       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

17   Material to any person or in any circumstance not authorized under this Stipulated Protective

18   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

19   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

20   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

21   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

22   Be Bound" that is attached hereto as Exhibit A.

23   10.    FILING PROTECTED MATERIAL.

24       Except as provided in this paragraph, without written permission from the Designating

25   Party or a court order secured after appropriate notice to all interested persons, a Party may not

26   file in the public record in this action any Protected Material.  A Party that seeks to file under seal

27   any Protected Material must comply with the Federal Rules of Civil Procedure and Rule 79.5 of

28   the Local Rules of the United States District Court for the Northern District of California.  If the

1   Court denies the request to seal, then the Receiving Party must wait three business days.  If the

2   Designating Party does not file a motion for a protective order within three business days of the

3   denial of the request to seal, the Receiving Party may file the Protected Material in the public

4   record.  If the Designating Party moves for a protective order within three business days, the

5   Receiving Party may, in opposing such motion, seek leave to file the Protected Material at issue

6   in the public record in the event that the motion is denied, and may file such information in the

7   public record if the request to do so is granted.  Protected Material subject to a request to file

8   under seal will, upon becoming appropriate for filing in the public record pursuant to the terms of

9   this paragraph and upon actual filing, be deemed filed when initially presented to the Court with

10  the request to file under seal.

11  11.   <u>FINAL DISPOSITION.</u>

12      Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

13  after the final termination of this action, each Receiving Party must destroy or return to the

14  Producing Party all Protected Material.  As used in this subdivision, "all Protected Material"

15  includes all copies, abstracts, compilations, summaries or any other form of reproducing or

16  capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed,

17  the Receiving Party must submit a written certification to the Producing Party (and, if not the

18  same person or entity, to the Designating Party) by the sixty day deadline that identifies (by

19  category, where appropriate) all the Protected Material that was returned or destroyed and that

20  affirms that the Receiving Party has not, other than as authorized below in the subsequent

21  paragraph, retained any copies, abstracts, compilations, summaries or other forms of reproducing

22  or capturing any of the Protected Material.

23      Notwithstanding the provisions in the immediately preceding paragraph, Counsel are

24  entitled (i) to retain an archival copy of all documents and things produced in discovery,

25  pleadings, motion papers, transcripts, legal memoranda or correspondence, even if such materials

26  contain Protected Material, and (ii) to retain or destroy, as it chooses, any work product, even if it

27  contains Protected Material.  Any such retained material that contains or constitutes Protected

28  Material remains subject to this Protective Order as set forth in Section 4 (DURATION), above.

STIPULATED PROTECTIVE ORDER          - 10 -          CASE NO. C-05-04362

1    12.    MISCELLANEOUS

2        12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to

3    seek its modification by the Court in the future.

4        12.2   Right to Assert Other Objections.   By stipulating to the entry of this Protective

5    Order no Party waives any right it otherwise would have to object to disclosing or producing any

6    information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

7    no Party waives any right to object on any ground to use in evidence of any of the material

8    covered by this Protective Order.

9        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10   DATED:  August 16, 2006                    By: _____/S/ Steven L. Robinson_____
                                                        Steven L. Robinson
11                                                LAW OFFICES OF JOSEPH L. ALIOTO
                                                    & ANGELA ALIOTO
12                                                700 Montgomery Street
                                                  San Francisco, CA 94111
13                                                Telephone:    (415) 434-8700
                                                  Facsimile:    (415) 438-4638
14

15                                                Attorneys for Plaintiffs

16

17   DATED: August 17, 2006                     By: _____/S/ Aaron L. Agenbroad_____
                                                        Aaron L. Agenbroad
18                                                Donna M. Mezias
                                                  JONES DAY
19                                                555 California Street, 26th Floor
                                                  San Francisco, CA  94104
20                                                Telephone:    (415) 626-3939
                                                  Facsimile:    (415-875-5700
21                                                Email:   dmezias@jonesday.com
                                                  Email:   alagenbroad@joneday.com
22
                                                  Attorneys for Defendant
23

24   PURSUANT TO STIPULATION, IT IS SO ORDERED.

25            8/23/06
     DATED: _____
26
                                                  _____
27                                                Honorable
                                                  United State
28

STIPULATED PROTECTIVE ORDER          - 11 -                    CASE NO. C05-04362

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court,

Northern District of California, on _____ [date] in the case of *Linda Batiste v.*

*Verizon Wireless*, Case No. C-05-4362 PJH.  I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                        [signature]